# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                           Plaintiff,<br>v.<br>ERNESTO PIMENTEL, SR.,<br><br>                           Defendant. | Case No.: 3:92-cr-00144-GPC-1<br><br>**ORDER GRANTING IN PART AND DENYING IN PART MOTION FOR REDUCTION OF SENTENCE**<br><br>**[ECF No. 101]** |

Before the Court is a motion for a reduction of sentence filed by Defendant Ernesto Pimentel, Sr. (ECF No. 101.) The motion is fully briefed. For the reasons stated below, the Court GRANTS in part and DENIES in part Defendant's motion.

## I. Background

On February 12, 1992, a grand jury returned a superseding indictment against Defendant and two others charging them with two counts of conspiracy to import and distribute marijuana. After a jury trial, Defendant was convicted of both counts. On December 7, 1992, Defendant was sentenced to two concurrent terms of 108 months imprisonment and five years of supervised release. The sentence was based on a guideline range of 108 to 135 months, which was calculated as follows. The base offense level was 28. That level was increased by 3 levels for aggravating role under USSG § 3B1.1, resulting in a total offense level of 31. Defendant's criminal history level was I.

After serving 16 months of his sentence, Defendant "walked away" from a work detail in Nevada. He remained a fugitive until March 17, 2014, when he was detained

after attempting to enter the United States. On November 20, 2014, a U.S. District Court Judge in the District of Nevada sentenced Defendant to 8 months imprisonment for his escape, which is to be served consecutive to any undischarged portion of Defendant's sentence in this case. *United States v. Pimentel*, No. 2:94-cr-00054-MMD-PAL-1, ECF No. 37 (D. Nev.).

## II. Legal Framework

Under 18 U.S.C. § 3582(c)(2), the Court may modify a previously imposed term of imprisonment if the defendant was "sentenced to a term of imprisonment based on a sentencing range that has subsequently lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o)." The Court "may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with the applicable policy statements issued by the Sentencing Commission." *Id.* The Sentencing Commission has issued a policy statement regarding sentencing reductions at USSG § 1B1.10. Under that statement, a sentencing reduction under § 3582(c)(2) "does not constitute a full resentencing of the defendant." *Id.* § 1B1.10(a)(3). In considering a sentence reduction motion, "the court shall determine the amended guideline range that would have been applicable to the defendant if the amendment(s) . . . had been in effect at the time the defendant was sentenced. In making such determination, the court shall substitute only the amendments . . . for the corresponding guideline provisions that were applied when the defendant was sentenced and shall leave all other guideline application decisions unaffected." *Id.* § 1B1.10(b)(1). Once the amended guideline range is calculated, the court should "consider any applicable § 3553(a) factors and determine whether, in its discretion, the reduction authorized by reference to the policies relevant at step one is warranted in whole or in part under the particular circumstances of the case." *Dillon v. United States*, 560 U.S. 817, 827 (2010).

Defendant moves to reduce his sentence in accordance with Amendment 782, which retroactively reduces a base offense level under § 2D1.1 by two levels. *See United*

*States v. Ornelas*, 825 F.3d 548, 554 (9th Cir. 2016). Applying that reduction to Defendant's case here, his total offense level would be 29. Applying a criminal history category I, the resulting reduced guideline range would be 87 to 108 months.

### III. Discussion

The government argues that the Court should decide against reducing Defendant's sentence because of Defendant's escape from prison.[1] It argues that Defendant's escape demonstrates that he is a risk to public safety. *See* USSG § 1B1.10 app. n. 1(B)(ii) ("The court shall consider the nature and seriousness of the danger to any person or the community that may be posed by a reduction in the defendant's term of imprisonment in determining: (I) whether such a reduction is warranted; and (II) the extent of such reduction, but only within the limits described in subsection (b) [of § 1B1.10].") The government also argues that any reduction in Defendant's sentence is unwarranted in light of Defendant's involvement—prior to his original conviction—with a criminal organization that was "extensive, lucrative, and involved corrupt Mexican officials." (ECF No. 114 at 7.)

As to the government's first argument, Defendant responds by arguing that his escape was nonviolent, that he remained outside of the United States for a decade, and that the sentence for his escape conviction sufficiently addressed his post-sentencing conduct, so this Court need not considered it. With respect to the government's latter argument, Defendant asserts that the characteristics of the organization with which he was involved was considered by the district court at Defendant's original sentencing.

---

[1] Defendant's escape is a fact that the Court can consider in deciding whether to grant the motion, as well as determining the extent of any reduction. "The court may consider post-sentencing conduct of the defendant that occurred after imposition of the term of imprisonment in determining (I) whether a reduction in the defendant's term of imprisonment is warranted; and (II) the extent of such reduction, but only within the limits described in subsection (b) [of § 1B1.10]." USSG § 1B1.10 app. n. 1(B)(iii); *see also United States v. Gladney*, 338 Fed. App'x 734, 736 (9th Cir. 2009) (holding that the district court did not abuse its discretion by denying a reduction motion on the ground that the defendant's post-sentencing conviction was serious).

As an initial matter, the Court agrees with Defendant as to the government's second argument. That is, any consideration of the organization with which Defendant was involved prior to his conviction was considered by the district court at the original sentencing. The Court therefore finds no reason to deny a reduction of sentence on the basis of the characteristics of Defendant's criminal organization.

The Court nonetheless agrees with the government that Defendant's escape from prison after he was sentenced in this case weighs against reducing his sentence. While Defendant's non-violent escape may not indicate that he is a danger to the community, it is relevant to sections 3553(a)(1) ("the history and characteristics of the defendant") and (a)(2)(A) ("to promote respect for the law"). Defendant's escape suggests that he disregards the validity of his sentence, and it indicates to the public that individuals convicted of crimes need not serve their sentences.

Consideration of the § 3553(a) factors, however, also indicate that there is reason to grant the motion to reduce Defendant's sentence. Defendant is now 76 years old. At that age, Defendant does not pose a threat to the community, and a lengthy sentence will not do much to deter him from engaging in criminal conduct in the future. *See* 18 U.S.C. § 3553(a)(2)(C) (considering "the need for the sentence imposed . . . to protect the public from further crimes of the defendant").

In light of these considerations, the Court concludes that Defendant should be given some sentence reduction under Amendment 782. Having calculated the amended guidelines range of 87 to 108 months, and after considering the § 3553(a) factors, the Court GRANTS in part and DENIES in part the motion to reduce Defendant's sentence. **The Court hereby alters Defendant's sentence of imprisonment to 98 months**.

**IT IS SO ORDERED.**

Dated: February 13, 2018

Hon. Gonzalo P. Curiel
United States District Judge